UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTHEA TAYLOR,

    Plaintiff,

v.                                        Case No. 13-13224
                                          Hon. Lawrence P. Zatkoff

DETROIT PUBLIC SCHOOLS, *et al.*,

    Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 21, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss [dkt 9]. Plaintiff failed to respond to Defendants' motion. The Court finds that the facts and legal arguments are adequately presented in Defendants' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the following reasons, Defendant's motion is GRANTED.

### II. BACKGROUND

Plaintiff Ruthea Taylor ("Plaintiff") was among approximately 180 security guards that were terminated in July 2010 when Defendant Detroit Public Schools ("Defendant DPS") eliminated and outsourced their positions. In response to the action taken by Defendant DPS, Plaintiff and other members of her former union filed suits against the union and Defendant DPS in state and federal courts in Michigan, asserting claims of breach of contract, violation of due process and breach of the duty of fair

representation. Both lawsuits were dismissed by the state and federal courts, and ultimately those decisions were upheld on appeal by the Michigan Supreme Court and the United States Court of Appeals for the Sixth Circuit.

Plaintiff filed her amended complaint in the case at hand against Defendants on July 29, 2013. Her amended complaint contains four counts: (1) discrimination in violation of the Americans with Disabilities Act; (2) interference and retaliation in violation of the Family and Medical Leave Act; (3) discrimination in violation of the Rehabilitation Act of 1973; and (4) violation of due process.

In response to Plaintiff's amended complaint, Defendants filed the instant motion to dismiss. Plaintiff failed to file a response to Defendants' motion within 21 days and, as a consequence, the Court ordered her to show cause as to why this case should not be dismissed for failure to prosecute. Plaintiff filed a tardy response to the show cause order requesting that she be afforded time to find an attorney. The Court granted Plaintiff's request and allowed her 35 days (until February 26, 2014) to secure counsel and—if Plaintiff retained counsel—an additional 21 days to respond to Defendants' motion to dismiss. As of the date of this Opinion and Order, no attorney has filed an appearance on Plaintiff's behalf. Nor has Plaintiff responded to Defendants' motion.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a

right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

### IV. ANALYSIS

Defendants offer myriad reasons that Plaintiff's amended complaint should be dismissed. Chief among Defendants' arguments for dismissal is that Plaintiff's current suit is barred by the doctrine of *res judicata*. In Michigan, claim preclusion—or *res judicata*—has the following elements: (1) the first action must have resulted in a decision on the merits; (2) the issues must have been resolved in the first action, either because they were actually litigated or because they might have been raised in the first action through reasonable diligence of the parties; and (3) both actions must be between the same parties, or their privies. *Sloan v. City of Madison Heights*, 425 Mich. 288, 295 (1986). The burden of proving the applicability of the doctrine of *res judicata* is upon the party asserting it. *E & G Finance Co. v. Simms*, 362 Mich. 592, 597 (1961).

Defendants' unopposed motion establishes the applicability of *res judicata* in this case, namely that (1) both the previous state and federal court actions resulted in decisions on the merits; (2) the issues raised in the instant matter could have been—through reasonable diligence—raised by Plaintiff in the those actions; and (3) the previous state and federal court actions involved the same parties or privies as

the instant matter. As such, Plaintiff's claims are barred by *res judicata* and her amended complaint must be dismissed as a matter of law.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [dkt 9] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's amended complaint is dismissed with prejudice.

IT IS SO ORDERED.

Date: March 21, 2014                                s/Lawrence P. Zatkoff
                                                   Hon. Lawrence P. Zatkoff
                                                   U.S. District Judge